# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRIAN WAYNE PATTERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 18-CV-0153-GKF-JFJ |
| | ) | |
| RICK WHITTEN, Warden, | ) | |
| | ) | |
| Respondent.[1] | ) | |

## OPINION AND ORDER

This is a habeas corpus action. Before the Court are four motions: Respondent's motion to dismiss the petition for failure to exhaust state remedies (Dkt. 21), and Petitioner's three motions to stay the habeas proceeding (Dkt. 19, 25, 28).[2] For the reasons discussed below, the Court denies Respondent's motion to dismiss the petition, grants Petitioner's first motion for a stay and declares moot Petitioner's second and third motions for a stay.

### *BACKGROUND*

Petitioner seeks federal habeas relief from the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2013-5464. In that case, a jury convicted Petitioner

---

[1] Petitioner is currently incarcerated at the James Crabtree Correctional Center in Helena, Oklahoma. The JCCC's current warden, Rick Whitten, is therefore substituted in place of Jason Bryant as party respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note this substitution on the record.

[2] Petitioner submitted his second motion to stay the proceeding as part of his response in opposition to Respondent's motion to dismiss. *See* Dkt. 24, 25. The Clerk of Court docketed the motion to stay as a separate motion (Dkt. 25) for administrative purposes, however Petitioner's arguments in support of his second motion to stay are found within the response (Dkt. 24).

of first degree robbery, eluding a peace officer, and obstructing a public officer, all after former conviction of two or more felonies. Dkt. 2, at 50.[3] The trial court imposed a term of life imprisonment, a consecutive 30-year prison term, and a concurrent one-year jail term. *Id.*

Represented by counsel, Petitioner filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA), raising six propositions of error. *Id.* at 51. Petitioner also filed a supplemental pro se brief, asserting five additional propositions of error. *Id.* By unpublished summary opinion filed May 18, 2016, in Case No. F-2015-200, the OCCA affirmed Petitioner's judgment and sentence. *Id.* at 50, 59. Nothing in the record suggests that Petitioner filed a petition for writ of certiorari in the United States Supreme Court.

Petitioner filed three applications for post-conviction relief in state district court. First, on May 3, 2017, Petitioner filed an application raising 31 propositions of error. Dkt. 3, at 90-91. Next, on August 28, 2017, Petitioner filed a second application raising one claim. Dkt. 19, at 7-8. Relying on *Murphy v. Royal*, 866 F.3d 1164 (10th Cir. Aug. 8, 2017), *amended and superseded on denial of reh'g en banc by Murphy v. Royal*, 875 F.3d 896 (10th Cir. Nov. 9, 2017), *cert. granted* 138 S. Ct. 2026 (U.S. May 21, 2018) (*Carpenter v. Murphy*, No. 17-1107), Petitioner alleged that the trial court lacked subject matter jurisdiction over his criminal prosecution because "he is an Indian and committed his crimes in Indian Country."[4] Dkt. 19, at 7-8. Finally, on November 15, 2017, Petitioner filed a third application reasserting his *Murphy* claim. Dkt. 22-2, at 5.

---

[3] For consistency, the Court's record citations refer to the CM/ECF header page number in the upper right-hand corner of each document.

[4] For ease of discussion, the Court refers to this claim as Petitioner's *Murphy* claim.

By order filed September 5, 2017, the court denied Petitioner's first application, finding 29 of Petitioner's claims procedurally barred and rejecting the two remaining claims on the merits. Dkt. 3, at 91-99. By order filed October 30, 2017, the court dismissed Petitioner's second application for lack of jurisdiction because Petitioner failed to file a verified application as required by Rule 1.13(L), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017) and OKLA. STAT. tit. 22, § 1081. Dkt. 19, at 8. In the alternative, the court ruled that even if Petitioner had filed a verified application, he would not be entitled to post-conviction relief on his *Murphy* claim because no mandate had been issued in *Murphy v. Royal*, 866 F.3d 1164 (2017). *Id.* at 8-9. Finally, by order filed May 17, 2018, the court denied Petitioner's third application, rejecting the *Murphy* claim as "premature." Dkt. 22-2, at 1, 5. The court reasoned that because a petition for certiorari had been filed in the United States Supreme Court, the issuance of the mandate in *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), would be "stayed until the Supreme Court's final disposition." *Id.* at 5.

Petitioner filed two post-conviction appeals. By order filed January 12, 2018, in Case No. PC-2017-1157, the OCCA affirmed the jurisdictional dismissal of Petitioner's second application for post-conviction relief. Dkt. 4, at 75-78. Then, by order filed January 17, 2018, in Case No. PC-2017-984, the OCCA affirmed the denial of Petitioner's first application for post-conviction relief. Dkt. 4, at 79-86. The OCCA agreed with the state district court's conclusions that 29 of Petitioner's claims were procedurally barred and that his remaining claims—one asserting factual innocence and one asserting ineffective assistance of appellate counsel—failed on the merits. *Id.* at 81-85. Petitioner did not file a post-conviction appeal challenging the denial of his third application for post-conviction relief.

3

Petitioner filed the instant habeas petition on March 19, 2018, seeking habeas relief on 43 grounds. Dkt. 1. As relevant to the pending motions, he reasserts his *Murphy* claim in Ground 43 of the habeas petition. *Id.* at 61-67. Three months after filing his habeas petition, on June 22, 2018, Petitioner filed a motion to stay this proceeding (Dkt. 19) pending the Supreme Court's decision in *Carpenter v. Murphy*, No. 17-1107.

In response to the habeas petition, Respondent filed a motion to dismiss the petition for failure to exhaust state court remedies (Dkt. 21) and a brief in support (Dkt. 22). Respondent also filed a response in opposition to the motion to stay (Dkt. 23). Petitioner filed a combined response in opposition to the motion to dismiss and "second motion for a stay of proceedings" (Dkt. 24). Four days later, Petitioner filed a third motion to stay the habeas proceeding (Dkt. 28). Respondent did not respond to Petitioner's second and third motions for a stay.

## *ANALYSIS*

Petitioner alleges, and Respondent does not appear to contest, that Petitioner exhausted available state remedies as to the claims he alleges in Grounds 1 through 42 by presenting them to the OCCA either through his direct appeal or through a post-conviction appeal. Dkt. 1; Dkt. 22. But Respondent contends, and Petitioner appears to acknowledge, that Petitioner failed to exhaust available state remedies as to the *Murphy* claim he alleges in Ground 43. Dkt. 22, at 1-2; Dkt. 24, at 1-2; Dkt. 28, at 1-2. Because the habeas petition contains "at least one unexhausted claim," Respondent seeks dismissal of the entire petition. Dkt. 22, at 5. Petitioner opposes dismissal and asks this Court to stay this action until the Supreme Court issues its decision in *Carpenter v. Murphy*, No. 17-1107. Dkt. 19, 24, 28.

The Antiterrorism and Effective Death Penalty Act (AEDPA) generally requires a state prisoner to exhaust state remedies as to each of his federal claims before seeking federal habeas relief on any federal claims. 28 U.S.C. § 2254(b)(1); *Ellis v. Raemisch*, 872 F.3d 1064, 1076 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 978 (2018). The AEDPA's exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Over a decade before Congress enacted the AEDPA, the United States Supreme Court determined in *Rose v. Lundy*, 455 U.S. 509 (1982), that principles of comity and federalism required "total exhaustion." *See Rhines v. Weber*, 544 U.S. 269, 274 (2005) (discussing *Lundy*'s "total exhaustion" requirement). To enforce this total exhaustion requirement, the Supreme Court directed district courts to dismiss mixed petitions—petitions that include both exhausted and unexhausted claims—so that petitioners could return to state court and exhaust previously unexhausted claims before returning to federal court. *Rhines*, 544 U.S. at 274.

However, in enacting the AEDPA, Congress imposed a one-year limitation period for the filing of a federal habeas petition by a state prisoner. 28 U.S.C. § 2244(d)(1). In most cases, the one-year period commences on the date the prisoner's conviction becomes final, which occurs at the conclusion of direct review or when the time for direct review has expired. *Id.* § 2244(d)(1)(A). The AEDPA also includes a provision that tolls the one-year limitation period during the time a state prisoner's application for collateral review is pending in state court. *Id.* § 2244(d)(2). To receive the benefit of statutory tolling, a state prisoner must file his application for state collateral review in accordance with applicable state rules and within the one-year limitation period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Burger v. Scott*, 317 F.3d 1133, 1138-41 (10th Cir. 2003).

5

In *Rhines*, the Supreme Court recognized,

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity of any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

544 U.S. at 275. The Supreme Court also noted that *Lundy*'s total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief." *Rhines*, 544 U.S. at 278 (quoting *Lundy*, 455 U.S. at 522). Thus, the *Rhines* Court held, in limited circumstances a district court may stay a federal habeas proceeding to allow a petitioner presenting a mixed petition to return to state court and exhaust his unexhausted claims. *Id.* at 275-79. The *Rhines* Court cautioned, however, that a court should grant a stay only if it finds that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In short, district courts are no longer required to enforce the total exhaustion requirement by reflexively dismissing mixed petitions. Rather, a court faced with a mixed petition may (1) dismiss the entire petition without prejudice and permit the petitioner to return to state court to exhaust unexhausted claims, (2) stay the habeas proceeding and permit the petitioner to return to state court to exhaust unexhausted claims, (3) allow the petitioner to amend the petition to dismiss unexhausted claims and proceed only on exhausted claims, or (4) deny the entire petition on the merits. *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016); *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002).

For two reasons, the Court finds that the circumstances of this case support granting a stay rather than either dismissing the petition without prejudice or requiring Petitioner to omit his unexhausted claim.[5] First, as contemplated in *Rhines*, Petitioner filed a timely but mixed federal habeas petition and his AEDPA deadline has now expired.[6] Should the Court dismiss the entire petition on exhaustion grounds, any claims Petitioner asserts in a subsequent federal habeas petition would almost certainly be time-barred. Thus, dismissal of his entire habeas petition would "likely mean the termination of any federal review." *Rhines*, 544 U.S. at 275. Second, should the Court direct Petitioner to file an amended petition omitting his Ground 43 claim and proceeding only on the exhausted claims, Petitioner could find any subsequent attempt to assert his Ground 43 claim

---

[5] At this point in the proceedings, the record is not sufficiently developed for the Court to determine whether the entire petition could be denied on the merits. *See Moore*, 288 F.3d at 1235-36 (concluding that district court may not take "hybrid approach" of dismissing unexhausted claims and denying exhausted claims on merits; rather, court must either dismiss or deny "entire petition").

[6] It appears Petitioner's convictions became final on August 17, 2016, 90 days after the OCCA affirmed his convictions on direct appeal. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Thus, his one-year limitation period commenced the next day, August 18, 2016, and, absent any tolling events, would have expired on August 18, 2017. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003). Petitioner stopped the AEDPA clock on May 3, 2017, after 259 days had passed, by filing his first application for post-conviction relief. Dkt. 3, at 88; *see* 28 U.S.C. § 2244(d)(2). That application remained pending until January 17, 2018, when the OCCA affirmed the denial of his first application for post-conviction relief. Dkt. 4, at 79. However, because Petitioner filed his third application for post-conviction relief while his first post-conviction appeal was pending, the AEDPA clock did not restart until June 5, 2018, when the time for filing a post-conviction appeal with the OCCA to challenge the denial of his third application expired. Dkt. 4, at 79; *see Carey v. Saffold*, 536 U.S. 214, 220 (2002). Thus, with the benefit of statutory tolling, Petitioner had 106 days from June 6, 2018, or until September 19, 2018, to file a timely federal habeas petition. Petitioner filed the instant habeas petition on March 19, 2018, well before the AEDPA deadline expired. Dkt. 1. However, filing a federal habeas petition has no tolling effect under § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Thus, Petitioner's AEDPA deadline expired on September 19, 2018.

barred under § 2244(b), the AEDPA's provision governing second or successive habeas petitions. *See Moore*, 288 F.3d at 1236.

As previously discussed, however, a district court should grant a stay only if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. Here, nothing in the record suggests that Petitioner engaged in intentionally dilatory litigation tactics. And, on the facts alleged in the habeas petition, the Court cannot say that Petitioner's Ground 43 claim is "plainly meritless." *Rhines*, 544 U.S. at 277. But, in opposing Petitioner's request for a stay, Respondent contends Petitioner has not shown good cause for his failure to exhaust the Ground 43 claim before filing his federal habeas petition. Dkt. 23, at 2-3.

For two reasons, the Court disagrees. First, Petitioner's pleadings suggest he filed his federal habeas petition based on his belief: (1) that he sufficiently exhausted his Ground 43 claim through his second application for post-conviction relief and the related post-conviction appeal, (2) that he did not need to further exhaust his claim because the state district court "stayed" his post-conviction proceeding pending the Supreme Court's ruling in *Carpenter v. Murphy*, No. 17-1107, or (3) that he cannot exhaust his claim until the Supreme Court issues its ruling. Dkt. 1, at 61-67; *see also* Dkt. 19, 24, 28. None of these beliefs is correct,[7] but Petitioner's confusion about exhausting his Ground

---

[7] First, the state courts dismissed Petitioner's first attempt to present the Ground 43 claim, through his second application for post-conviction relief, because Petitioner's failure to file a verified application deprived the state district court of jurisdiction to hear his application. Dkt. 19, at 8; Dkt. 4, at 75-78. Thus, Petitioner's second application did not fairly present his Ground 43 claim. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (noting that petitioner does not fairly present federal claim in state court by presenting claim "in a procedural context in which its merits will not be considered"). Second, Petitioner's belief that the state district court "granted a stay" pending the Supreme Court's decision in *Carpenter v. Murphy*, No. 17-1107, misreads the state district court's order. The state

43 claim seems reasonable. *Cf. Pace v. DeGuglielmo*, 544 U.S. 408, 416 (2005) ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file [a habeas petition] in federal court."). Second, and relatedly, it appears Petitioner attempted to file his habeas petition well before his AEDPA deadline expired with the intent of preserving his 42 exhausted claims and seeking a stay in the event he would be required to exhaust his Ground 43 claim. As discussed in *Rhines*, "[e]ven a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion." 544 U.S. at 275. The Court finds Petitioner's apparent confusion about exhausting his claim and the Court's own delay in addressing the exhaustion question support granting Petitioner's request for a stay. That said, however, the Court declines to grant Petitioner's request to stay the case pending the Supreme Court's ruling in *Carpenter v. Murphy*, No. 17-1107. Instead, the Court grants a stay pending Petitioner's exhaustion of available state remedies as to his Ground 43 claim.

## *CONCLUSION*

Based on the foregoing analysis, the Court finds dismissal of Petitioner's federal habeas petition, without prejudice, could result in the termination of any federal review as to all 43 of his habeas claims. Thus, the Court denies Respondent's motion to dismiss the petition for lack of exhaustion. The Court further finds the circumstances of this case warrant granting a stay pending Petitioner's exhaustion of his Ground 43 claim. Petitioner shall, therefore, promptly return to state court to exhaust his Ground 43 claim. Within thirty (30) days after the conclusion of his state court

---

district court's order instead states that the issuance of the mandate in *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017) would be stayed pending the Supreme Court's ruling. Dkt. 19, at 8-9. Third, and finally, the Court is unaware of any authority that would support Petitioner's belief that he is excused from the exhaustion requirement simply because there is no existing Supreme Court precedent to support his federal claim.

proceedings, Petitioner shall file written notice with the Court, attaching a copy of each relevant state court decision, and requesting that the stay be lifted. Upon receipt of that notice, the Court shall lift the stay and establish deadlines for a response and reply.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall note the substitution of Rick Whitten in place of Jason Bryant as party respondent.

2. Respondent's motion to dismiss the petition for failure to exhaust state remedies (Dkt. 21) is **denied**.

3. Petitioner's first motion to stay the habeas proceeding (Dkt. 19) is **granted**.

4. Petitioner shall promptly initiate state court proceedings to exhaust available state remedies as to his Ground 43 claim.

5. Within thirty (30) days after the conclusion of Petitioner's state court proceedings, Petitioner shall notify the Court in writing that the proceedings are complete, provide the Court with a copy of each relevant state court decision, and request that the stay be lifted.

6. Petitioners second and third motions to stay the habeas proceeding (Dkt. 25 and 28) are **declared moot**.

7. This habeas proceeding is stayed until further Order from the Court.

**DATED** this 31st day of December 2018.

GREGORY K. FRIZZELL, CHIEF JUDGE